UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LELAND CORTEZ; SOFIA ABBAS,<br><br>Plaintiffs,<br><br>-against-<br><br>CANAAN BARTON; SHELLY ISRAEL;<br>TYLER SMITH; N. HAGIN,<br><br>Defendants. | 22-CV-6954 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs Leland Cortez and Sofia Abbas, who reside in Granbury, Texas, bring this action *pro se*. They sue four deputies from the Hood County Sheriff's Office in Hood County, Texas. For the following reasons, this action is transferred to the United States District Court for the Northern District of Texas.

## DISCUSSION

The general venue provision provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For purposes of venue, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiffs allege that their claims arose on March 14, 2021, in Granbury, Texas. Defendants allegedly made false statements that resulted in Leland Cortez's arrest and the detention of Sofia Abbas and Leland's two nephews. (ECF 1 at 5.)

Venue is proper, under Section 1391(b)(1), in the district where the individual defendants are domiciled, if all defendants are domiciled in the State where the district is located. Plaintiffs provide addresses for the four defendants at the Hood County Sheriff's Office in Granbury, Texas, but they do not allege where any defendant is domiciled. Because it is unknown where Defendants reside, it is unclear whether venue is proper in this district under Section 1391(b)(1).

Under Section 1391(b)(2), venue is also proper in the district where the claims arose. Plaintiffs allege that their claims arose in Hood County, Texas, which lies in the Northern District of Texas, Dallas Division. 28 U.S.C. § 124 (a)(2). Venue is therefore proper in the Northern District of Texas.

A court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a), even where venue is proper in the jurisdiction in which it was filed. In determining whether transfer is appropriate, courts consider: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). A plaintiff's choice of forum is accorded less deference

where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Transfer appears to be appropriate in this case. Plaintiffs' choice of this district is entitled to less deference because they do not reside here and none of the operative events occurred here. The underlying events occurred in Texas, and it is reasonable to expect that all relevant documents and witnesses would be in Texas. The Northern District of Texas thus appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of Texas. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Texas, Dallas Division. Whether Plaintiffs should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[1] A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

---

[1] Plaintiffs have not yet paid the filing fees or submitted applications to proceed *in forma pauperis*.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  August 16, 2022
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                        Chief United States District Judge